IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00396-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DELANO MARCO MEDINA,

    Defendant.
_____

## ORDER
_____

This matter comes before the Court on defendant's Motion for the United States to Discolose [sic] Discovery Pursuant to Federal Criminal Procedure Rule 16 [Docket No. 62], Motion to Reconsider the Denile [sic] of Defendant's Motion to Dismiss on Grounds of Speedy Trial Violation [Docket No. 63], Motion to Vacate Current Trial Dates and Set Trial Within the 70 Day Speedy Trial Act Timelimits [Docket No. 65], Motion Pursuant to Federal Rules of Criminal Procedure 12.1 "Notice of an Alibi Defense" [Docket No. 72], Motion for Dismissal of Count 15 Due to Breach of Plea Agreement [Docket No. 73], Motion to Abstain from Counts 1, 13, and 14, Pursuant to Younger-Abstention Doctrine [Docket No. 76], Motion to Demand Trial or Dismissal [Docket No. 87], Motion to Dismiss Counts 14 and 15 Pursuant to Younger-Abstention Doctrine and Full Faith and Credit [Docket No. 90], Combined Motion to Maintain Speedy Trial Demand and for an Updated Status on All Previous Request Thereof [Docket No. 97], Motion for Compliance with the Speedy Trial Act and Sanctions for

Any Disregard Thereof [Docket No. 99], and Motion to Maintain Request of Trial or Dismissal Pursuant to Sixth Amendment to the United States Constitution [Docket No. 110]. All of these motions were filed pro se and, accordingly, the Court will liberally construe defendant's motions to determine if they can be "reasonably read . . . to state a valid claim on which [defendant] should prevail." *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007) (internal quotation marks omitted).

## I. BACKGROUND

Mr. Medina has been prosecuted for various crimes in state court and is currently serving a lengthy sentence in the Colorado Department of Corrections. Docket No. 38 at 4. Three of these State of Colorado prosecutions are relevant here.[1] In the District Court for the City and County of Denver, Case No. 15CR3728, defendant claims he entered into a plea agreement and was sentenced to four years in prison. Docket No. 92 at 3. In the District Court for Jefferson County, Case No. 14CR3044, defendant was apparently convicted of some crime, although defendant does not indicate what. Docket No. 76 at 1. In the District Court for Mesa County, Case No. 14CR762, the charges against defendant were dismissed pursuant to the Uniform Mandatory Disposition of Detainers Act ("UMDDA"), Colo. Rev. Stat. § 16-14-101 et seq. Docket No. 76 at 2, 4, 8-9. Defendant indicates that he was charged with possession of a weapon in both the Jefferson and Mesa County cases, and he is appealing his Jefferson County conviction at least in part on the basis of the dismissal of the charges

---

[1] These descriptions of defendant's state court proceedings are based on the representations made by Mr. Medina in his various motions and the exhibits he attaches.

in the Mesa County case. *Id*. at 1-2, 5.

The indictment in this case was returned on October 7, 2014. Docket No. 1. A superseding indictment was returned on June 9, 2015, which charges the defendant with fifteen counts, including possession of firearms by a prohibited person, mail theft, bank fraud, and aggravated identity theft. Docket No. 11. Before his initial appearance, defendant filed a pro se motion arguing that his Sixth Amendment right to a speedy trial and rights under the Interstate Agreement on Detainers, 18 U.S.C. App. 2, had been violated. Docket No. 19. On January 11, 2017, defendant made his initial appearance and a Federal Public Defender was appointed. Docket Nos. 25, 27, 28. Defendant, through counsel, requested an ends of justice continuance so that counsel could prepare for trial. Docket No. 38. On February 6, 2017, the Court granted defendant's request to exclude 180 days from the Speedy Trial Act period and set the trial to begin on October 2, 2017. Docket No. 40.

Defendant then filed a pro se objection to the trial continuance, arguing that it was prejudicial to his Sixth Amendment right to a speedy trial. Docket No. 45 at 1, 4. Defendant also moved to proceed pro se. Docket No. 47. On February 22, 2017, the Court held a hearing on these two motions. Docket No. 49. At the hearing, defendant stated that he agreed with his counsel that a trial continuance was necessary, but he did not think it needed to be so long and he worried it would be prejudicial to his right to a speedy trial under the Sixth Amendment, which he claimed had already been violated. Docket No. 102 at 16, 16:2-19. The Court proposed denying defendant's motions without prejudice and allowing the defendant to expedite his Sixth Amendment speedy trial challenge, a proposal both parties agreed to. *Id*. at 21-23, 21:12-23:23. The Court

denied defendant's objection to the trial continuance and his motion to proceed pro se without prejudice.  Docket No. 49 at 2.

On March 7, 2017, defense counsel withdrew from representation due to a conflict of interest, at which point the Court appointed counsel from the Criminal Justice Act Panel ("CJA") to represent Mr. Medina.  Docket Nos. 50-52.  Defendant, through CJA counsel, filed a motion seeking dismissal of the charges against him for violation of his Sixth Amendment right to a speedy trial.  Docket No. 55.  On April 7, 2017, the Court held an evidentiary hearing on defendant's Sixth Amendment challenge.  Docket No. 60.  The Court, after considering the relevant factors, denied Mr. Medina's motion.  *Id*. at 2.

Shortly after the Court denied defendant's Sixth Amendment speedy trial motion, defendant filed two motions to replace his CJA counsel.  Docket Nos. 61, 68.  The Court denied the motions, at which time Mr. Medina advised the Court that he wished to represent himself.  Docket No. 69 at 2.  The Court granted defendant's request and appointed advisory counsel.  *Id*.

The Court will address defendant's motions by the type of relief sought.

## II. MOTIONS REQUESTING DISCOVERY

### A. Docket No. 62 - Discovery

Defendant's discovery motion simply requests the United States to produce "all discovery" to him.  Docket No. 62 at 1.  Defendant previously requested the production of discovery in the discovery conference memorandum.  Docket No. 32 at 2-5.  The United States responds that it redacted the discovery pursuant to the protective order

entered in this case [Docket No. 37] and has produced the materials to defendant. Docket No. 77 at 1-2. The government states that it produced unredacted copies of the discovery to defendant's appointed counsel before Mr. Medina elected to represent himself. *Id*. at 1. Because the defendant does not argue that the United States has failed to comply with Fed. R. Crim. P. 16, the Court will deny defendant's motion as moot.

### B. Docket No. 72 - Alibi

The United States requested notice of defendant's alibi in the parties' discovery conference memorandum. Docket No. 32 at 6-7. On May 1, 2017, defendant filed a Motion Pursuant to Federal Rules of Criminal Procedure 12.1 "Notice of an Alibi Defense" wherein he states that he "provides formal notice of alibi defense under Fed. R. Crim. P. 12.1." Docket No. 72 at 1, ¶ 1. The Court will construe this motion as notice pursuant to Rule 12.1(a)(2). Defendant's notice of alibi states that he intends to defend Counts 2-12 with an alibi that he was in Leadville, Colorado from February 15, 2014 to April 1, 2014 and in Denver from May 1, 2014 to June 7, 2014. Docket No. 72 at 1. Defendant states that he will potentially call ten named individuals to substantiate his alibi and that he "is working on addresses and phone numbers for these individuals." *Id*. at 2. To the Court's knowledge, no addresses or telephone numbers have been provided to date.

Defendant also moves the Court for an order compelling the United States to identify the witnesses it will use to place defendant at the scene of the crimes and the witnesses that the government will call to rebut defendant's alibi defense. *Id*. The

United States responds that defendant's alibi notice does not identify "each specific place" he claims to have been, Fed. R. Crim. P. 12.1(a)(2)(A), and does not provide the addresses and telephone numbers for defendant's potential alibi witnesses. Fed. R. Crim. P. 12.1(a)(2)(B). As a result, the government states that "no reciprocal disclosure by the United States is due at this time." Docket No. 81 at 1.[2]

Rule 12.1 is intended to "prevent surprise and undue delay" by allowing the government to conduct an investigation of a defendant's alibi prior to trial. *United States v. Webster*, 769 F.2d 487, 490 (8th Cir. 1985) (citing 1 C. Wright, *Federal Practice and Procedure* § 201 (2d ed. 1982)); *see also* Fed. R. Crim. P. 12.1 advisory committee notes ("The major purpose of a notice-of-alibi rule is to prevent unfair surprise to the prosecution."). After a defendant submits a notice, Rule 12.1(b)(1)(A) requires the government to disclose two types of information: "(i) the name of each witness–and the address and telephone number of each witness other than a victim–that the government intends to rely on to establish that the defendant was present at the scene of the alleged offense; and (ii) each government rebuttal witness to the defendant's alibi defense."

The information provided by Mr. Medina about his alleged location – "in Leadville Colorado from February 15, 2014, through April 1, 2014" and "in Denver Colorado from May, 1, 2014, through June 7, 2014" [Docket No. 72 at 1, ¶ 2] – does not contain the amount of detail required by Rule 12.1(a). *See United States v. Hemphill*, 2013 WL 833192, at *2 (N.D. Ind. Mar. 5, 2013) (finding defendant's claim that he was "'in

---

[2] The government does not object to defendant's notice as untimely. *See* Docket No. 81.

Chicago'" at the time of a charged offense was "vague and insufficient"). Defendant's claim to be in a town or city for a long stretch of time does not provide the "specific place where the defendant claims to have been at the time[s] of the alleged offense[s]." Fed. R. Crim. P. 12.1(a)(2)(A). Defendant does not indicate where he was staying in Denver or Leadville or where he was working. Thus, under the circumstances, defendant's notice does not contain sufficient specificity to allow the United States to investigate his claims, for example, by interviewing others who lived at the residences or worked at the businesses. *See United States v. Henderson*, 241 F.3d 638, 650 (9th Cir. 2000), *as amended* (Mar. 5, 2001) (holding that a Rule 12.1 violation could lead to an improper "'tactical advantage that would minimize the effectiveness of cross-examination, and the ability of the government to present rebuttal evidence.'"). As a result, there remains a significant risk the government would be surprised by where defendant claims to have been. It would be inappropriate to require the government to disclose rebuttal witnesses at this time since Mr. Medina's notice provides insufficient information to rebut his alibi. *See* Fed. R. Civ. P. 12.1(b)(1)(A)(ii). For example, Mr. Medina has not provided the telephone numbers and addresses of his witnesses or more precise information about his location during the crimes alleged in Counts 2-12. However, the Court finds it is appropriate to grant defendant's motion insofar as it requests disclosure of the witnesses putting him at the scene of the alleged crimes given defendant's disclosure of his intent to rely on an alibi defense and the names of his potential witnesses. Regardless of the alibi defense, the government needs to prove that defendant committed the alleged offenses, which, given the nature of the charges, will include proof Mr. Medina was "present at the scene." Fed. R. Civ. P.

7

12.1(b)(1)(A)(i); see also Docket No. 11 at 2-6, Counts 2-12 (charging defendant with committing crimes at certain places).

## III. MOTIONS RELATED TO DEFENDANT'S SPEEDY TRIAL RIGHTS

Defendant has filed five motions related to speedy trial issues. Docket Nos. 63, 65, 87, 97, 99. In Docket No. 63, filed April 13, 2017, defendant requests reconsideration of the Court's earlier decision denying his motion to dismiss under the Sixth Amendment right to a speedy trial. In Docket No. 65, filed April 13, 2017, defendant objects to the Court having continued his trial date and requests that the Court set a trial within 70 days of his initial appearance under the Speedy Trial Act, 18 U.S.C. § 3161. In Docket No. 87, filed May 12, 2017, defendant repeats the same request and asks in the alternative for dismissal of the indictment. In Docket No. 97, filed on June 5, 2017, defendant requests that the speedy trial issue "be addressed forthwith to alleviate the unwarranted tyranny." In Docket No. 99, filed on June 7, 2017, defendant repeats his arguments from Docket No. 65. In Docket No. 110, filed June 21, 2017, defendant argues that, in spite of his numerous pretrial motions, the "trial date should still be adjusted."

In essence, defendant asks the Court to (1) reconsider and vacate its order granting the ends of justice continuance and dismiss this case under the Speedy Trial Act and (2) reconsider the denial of his motion to dismiss the charges due to a violation of defendant's Sixth Amendment right to a speedy trial.

A district court may reconsider its prior rulings. *United States v. Randall*, 666

F.3d 1238, 1242 (10th Cir. 2011).³ "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). A motion for reconsideration is not an appropriate means to revisit issues already addressed or to advance arguments or evidence that could have been raised in prior briefing. *Id*. (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

### A. Docket Nos. 65, 87, 97 and 99 - Speedy Trial Act

Defendant objects to the Court having granted his motion to exclude 180 days from the speedy trial period, but defendant does not explain why the Court erred in granting his motion. In fact, the reasons the Court gave for granting the ends of justice continuance remain relevant. The Court found that the continuance served the ends of justice due to the "nature of the charges, involving many distinct acts that happened several years ago, and the volume of discovery, especially the large number of surveillance videos." Docket No. 40 at 4. The charges remain complex and the discovery has turned out to be as voluminous, as anticipated. *See United States v. Kurti*, 2013 WL 1663607, at *5 (E.D.N.Y. Apr. 17, 2013) (denying reconsideration because the court "properly designated the case complex and pretrial delay is properly excludable from the 70-day speedy trial clock under 18 U.S.C. § 3161(h)(7)(B)(ii).").

---

³ In the Tenth Circuit, a motion for reconsideration in a criminal case must be filed within the time period to file an appeal pursuant to Fed. R. App. P. 4(b), currently 14 days. *United States v. Miller*, 869 F.2d 1418, 1421 (10th Cir. 1989).

9

Indeed, on May 18, 2017, defendant filed a motion complaining about the volume of discovery he received. Docket No. 91 at 1; *see also* Docket No. 98.

Other considerations favor leaving the current trial date in place. Most prominently, defendant requested the continuance in the first place. *See United States v. Fields*, 39 F.3d 439, 443 (3d Cir. 1994) (Alito, J.) (explaining that a defendant's request to dismiss under the Speedy Trial Act based on an argument that a continuance his attorney requested was improperly granted could be rejected simply based on the continuance having been requested by the defendant). While defendant now argues that the continuance should be vacated, he admitted that he discussed the request for the continuance with his counsel and agreed that a continuance should be sought.[4] Additionally, defendant has filed numerous pretrial motions, *see* Docket Nos. 41-43, 47, 62-65, 68, 72, 73, 75, 76, 87, 90, 91, 94-100, 103, which have added to the complexity of this case. Such motions have the effect of tolling the speedy trial period. 18 U.S.C. § 3161(h)(1)(D). Because at least some of Mr. Medina's motions have been pending since the Court granted defendant's motion to exclude time and reset the trial date, even if the Court had denied the motion, 61 days would remain in the speedy trial period. *See* Docket No. 40 at 2; *United States v. Buie*, 2006 WL 2585604, at *7 (S.D.N.Y. Sept. 7, 2006) (finding the speedy trial period was automatically tolled while motions were pending even where those motions were dismissed as improperly submitted pro se, instead of through counsel). In fact, given the regularity of defendant

---

[4] Defendant claimed he expected his counsel would request a continuance of up to three months, instead of six months, and feared the length would prejudice his Sixth Amendment argument.

filing motions, it is unlikely that all pending motions will be resolved such that the original speedy trial period will expire before defendant's trial is currently set to begin. Thus, vacatur of the continuance would not lead to dismissal under the Speedy Trial Act in any event. The Court will not reconsider its prior findings.

### B.   Docket No. 63 - Reconsideration of Sixth Amendment Motion

The Court denied defendant's Sixth Amendment speedy trial motion in part because defendant did not carry his burden of showing that he would be prejudiced by the delay in bringing him into federal court. Defendant's original motion to dismiss under the Sixth Amendment relied on four grounds for prejudice, Docket No. 55 at 10-12, but on reconsideration he focuses on the loss of a cell phone that he claims contained numerous pictures and videos that allegedly would have supported his alibi. Docket No. 63 at 2. Defendant also argues that cell site location information ("CSLI") records would have allowed him to substantiate his alibi, but that such records are no longer available from the cell phone company due to the delay. *Id*. at 4. Defendant claims that he provided information supporting these arguments to his CJA counsel, but that his counsel failed to present it at the hearing. *Id*. at 1-2.[5]

Both of these arguments were presented to the Court at the hearing on his motion to dismiss under the Sixth Amendment. Carmen Quintana, defendant's grandmother, testified that she had defendant's phone, but that it was borrowed by

---

[5] Defendant attaches as an exhibit "Mr. Medina's Proffer in Support of Prejudice," which he claims he provided to his counsel prior to his counsel filing his Sixth Amendment speedy trial motion. Docket No. 63 at 12-18. This document addresses the four grounds of prejudice addressed in his original motion, but defendant does not raise all the same arguments in his reconsideration motion, instead focusing on the loss of his cell phone and the unavailability of CSLI. *Id*. at 1-4.

11

defendant's cousin and subsequently stolen along with the safe it was stored in. She also testified that her daughter contacted the cell phone company, but that it was unable to provide tracking information for the phone.[6] Thus, defendant does not present any new evidence that was previously unavailable. Likewise, defendant does not argue that there has been any intervening change in the law. Accordingly, the only issue before the Court is whether reconsideration is necessary to "correct clear error or prevent manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012 (citation omitted). While defendant continues to argue generally that he was prejudiced by the delay after the indictment, he has not provided specific evidence of prejudice that shows that the Court made a clear error in denying his motion or that manifest injustice would result. *See United States v. Margheim*, 770 F.3d 1312, 1329 (10th Cir. 2014) (holding that a defendant must show "particularized prejudice" absent "extreme circumstances"). Defendant speculates that the cell phone would have been important to his defense, but he has not shown that the cell phone is "vital to his defense." *Id*. at 1330.[7] First, defendant has provided only "hazy descriptions of prejudice" that do not explain how the delay deprived him of the ability to defend the particular charges against him. *Id*. at 1331 (quoting *United States v. Trammell*, 133 F.3d 1343, 1351 (10th

---

[6] The United States did not object to this testimony. Defendant himself was offered the opportunity to make arguments at the hearing and he commented on the relevance of the cell phone, but did not address the CSLI. Defendant argues that he was prejudiced by his counsel failing to raise certain arguments, e.g., Docket No. 93 at 2-3, but defendant had an opportunity to raise them himself and failed to do so despite his awareness of those arguments. *See* Docket No. 63 at 12-18.

[7] For instance, Mr. Medina says he took photographs with his cell phone every day, Docket No. 63 at 2, but he offers no explanation of how such photographs would be probative or how he would prove who took them.

Cir. 1998)). Second, defendant has identified ten witnesses to support his alibi defense. *See* Docket No. 72. Defendant does not explain why these witnesses cannot independently establish his whereabouts on the dates charged, thereby reducing the dependency of his alibi defense on the cell phone.

## IV. MOTIONS REQUESTING DISMISSAL OF CERTAIN CHARGES

### A. Docket No. 73 - Plea Agreement

Defendant seeks dismissal of Count 15 of the indictment[8] based on breach of his plea agreement in Case No. 15CR3728 in the District Court for the City and County of Denver. Docket No. 73 at 1. Mr. Medina claims that his plea agreement in that case promised that no other charges related to the events that took place on December 5, 2014 would be filed. *Id*. There are two problems with defendant's argument. First, defendant does not attach a copy of his plea agreement and therefore the Court has no ability to determine exactly what promise he bases his argument on. Second, even if defendant is correct that the prosecutor promised defendant that he would not be charged with being a felon in possession of a firearm, Mr. Medina provides no authority or explanation for why a Denver District Attorney would have authority, or apparent authority, to bind the United States, which is a separate sovereign. *See United States v. Lanza*, 260 U.S. 377, 382 (1922) ("We have here two sovereignties, deriving power from different sources, capable of dealing with the same subjectmatter within the same

---

[8] Count 15 charges defendant with a violation of 18 U.S.C. § 922(g)(1) for being a convicted felon in possession of two firearms on December 5, 2014. Docket No. 11 at 8.

territory.").⁹  Mr. Medina fails to provide any grounds to dismiss Count 15 of the indictment.

### B.  Docket No. 76 - *Younger* Abstention and Preclusion

In his first *Younger* motion, defendant appears to make two arguments: (1) that the Court must dismiss Counts 1, 13, and 14 of the superseding indictment under *Younger v. Harris*, 401 U.S. 37 (1971), Docket No. 76 at 4, and (2) that the dismissal of a state possession of a weapon by a previous offender charge by the District Court for Mesa County, Colorado precludes federal charges based on the same evidence under the doctrines of res judicata and collateral estoppel.  *Id*. at 5-6.

#### 1.  *Younger* Abstention

Defendant argues that this Court must dismiss Counts 1, 13, and 14 under *Younger* because his Jefferson County conviction¹⁰ for possession of a weapon is currently on appeal in state court and involves the same factual basis as the federal counts.  Docket No. 76 at 3-4.

Defendant misunderstands the purpose of *Younger* abstention and the circumstances when it is appropriate.  *Younger* abstention is intended to prevent the federal courts from "unduly interfer[ing] with the legitimate activities of the States." *Younger*, 401 U.S. at 44.  "*Younger* exemplifies one class of cases in which

---

⁹ In his reply, defendant states that the "federal government was part of the Denver case and involved in the negotiations through Postal Inspector, Eric Manuel, because Mr. Medina spoke to Mr. Manuel, who searched the vehicle where the contraband associated with count 15 was found."  Docket No. 92 at 2.  But defendant does not claim that Mr. Manuel promised him that federal charges would not be brought or claim that such a promise was incorporated into his undisclosed plea agreement.

¹⁰ Case No. 14CR3044.

federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013). Absent the exceptional circumstances where a federal court's exercise of jurisdiction would unduly interfere with state court proceedings, "the general rule governs: '[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Id*. (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)) (alterations in original). Here, defendant does not argue, and the Court has no cause to find, that the Court's exercise of jurisdiction over federal charges related to possession of the same weapons at issue in the state court proceedings could unduly interfere with the state court proceedings. The District Attorney's Office and the United States Attorney's Office represent separate sovereigns; defendant shows no actual or possible state court interference through the United States' prosecution here.

2. **Preclusion**

Defendant states that he was charged with possession of a weapon in both the Mesa County District Court and the Jefferson County District Court. Docket No. 76 at 4. Defendant claims that the charges in the Mesa County case were dismissed pursuant to the UMDDA, and that the Mesa County ruling was (or should have been) dispositive of the same issue in the Jefferson County case. Docket No. 76 at 5. Defendant argues that the dismissal of the weapon possession count in Mesa County constitutes res judicata or collateral estoppel apparently because the "same identical facts and charges

were used in the States [sic] case." *Id*. at 2. Therefore, defendant argues, counts 1, 13, and 14 should be dismissed. *Id*. at 6.

Even if defendant is correct that the state weapons charges involved the same dates and firearms, it would not provide a basis to preclude the United States from prosecuting the defendant under 18 U.S.C. § 922(g)(1) based on the same facts. The United States and the State of Colorado are separate sovereigns with independent sources of authority to promulgate and enforce law. *Heath v. Alabama*, 474 U.S. 82, 89 (1985) ("Thus, the Court has uniformly held that the States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own 'inherent sovereignty,' not from the Federal Government." (quoting *United States v. Wheeler*, 435 U.S. 313, 320 n.14 (1978)). Defendant does not cite, and the Court is not aware of, any authority by which the United States can be precluded based on findings made during a state's parallel prosecution. To the contrary, it is well established that the United States can prosecute a defendant for federal crimes even if those crimes have the same elements and the same factual basis as a state crime for which the defendant has previously been prosecuted. *Lanza*, 260 U.S. at 382 (1922) ("[A]n act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each."); *see also United States v. Avants*, 278 F.3d 510, 516 (5th Cir. 2002) ("[T]he federal government may thus prosecute a defendant after an unsuccessful state prosecution based on the same conduct, even if the elements of the state and federal offenses are identical." (citing *Heath*, 474 U.S. at 93)).

## C. Docket No. 90 - Full Faith and Credit and Double Jeopardy

In his second *Younger* motion, defendant raises the same *Younger* and preclusion arguments discussed above and also argues (1) that this Court is bound by the state court's judgments in his criminal proceedings under the full faith and credit clause, Docket No. 90 at 5,[11] and (2) that he is being subjected to double jeopardy by being tried for the same crimes in state and federal court. *Id*. at 6. These added arguments fail for the same reasons as defendant's preclusion arguments discussed above.[12] The federal charges are distinct charges brought by a separate sovereign. Accordingly, there is no judgment on the present charges for the Court to give full faith and credit to because the state charges are distinct. *Turley v. Wyrick*, 554 F.2d 840, 842 (8th Cir. 1977) (holding subsequent state prosecution after an acquittal on federal charges did not violate the full faith and credit clause). Moreover, this federal prosecution does not violate the protection against double jeopardy. *Lanza*, 260 U.S. at 382 (state charges for the same crime represent a separate offense and do not bar a federal prosecution based on double jeopardy).

## V. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's Motion for the United States to Discolose [sic]

---

[11] Defendant raises similar arguments based on the full faith and credit clause in Docket No. 73 at 3 and Docket No. 76 at 2, but they fail for the same reason.

[12] Defendant's further arguments included in defendant's supplemental memorandum [Docket No. 107] in support of his abstention motions likewise fail. As discussed above, even if these proceedings involve the same facts as the state court proceedings, they are not duplicative because they involve federal charges, which are distinct from the state charges implicated in the other proceedings.

Discovery Pursuant to Federal Criminal Procedure Rule 16 [Docket No. 62] is **DENIED**. It is further

**ORDERED** that defendant's Motion to Reconsider the Denile [sic] of Defendant's Motion to Dismiss on Grounds of Speedy Trial Violation [Docket No. 63] is **DENIED**. It is further

**ORDERED** that defendant's Motion to Vacate Current Trial Dates and Set Trial Within the 70 Day Speedy Trial Act Timelimits [Docket No. 65] is **DENIED**. It is further

**ORDERED** that defendant's Motion Pursuant to Federal Rules of Criminal Procedure 12.1 "Notice of an Alibi Defense" [Docket No. 72] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that the United States shall make disclosures pursuant to Fed. R. Crim. P. 12.1(b)(1)(A)(i) within fourteen days of the date of this order. It is further

**ORDERED** that defendant's Motion for Dismissal of Count 15 Due to Breach of Plea Agreement [Docket No. 73] is **DENIED**. It is further

**ORDERED** that defendant's Motion to Abstain from Counts 1, 13, and 14, Pursuant to Younger-Abstention Doctrine [Docket No. 76] is **DENIED**. It is further

**ORDERED** that defendant's Motion to Demand Trial or Dismissal [Docket No. 87] is **DENIED**. It is further

**ORDERED** that defendant's Motion to Dismiss Counts 14 and 15 Pursuant to Younger-Abstention Doctrine and Full Faith and Credit [Docket No. 90] is **DENIED**. It is further

**ORDERED** that defendant's Combined Motion to Maintain Speedy Trial Demand

and for an Updated Status on All Previous Request Thereof [Docket No. 97] is **DENIED**.  It is further

ORDERED that defendant's Motion for Compliance with the Speedy Trial Act and Sanctions for Any Disregard Thereof [Docket No. 99] is **DENIED**.  It is further

ORDERED that defendant's Motion to Maintain Request of Trial or Dismissal Pursuant to Sixth Amendment to the United States Constitution [Docket No. 110] is **DENIED**.

DATED June 22, 2017.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge