IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00396-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DELANO MARCO MEDINA,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on defendant's Motion to Complete the Record Part 1 of 2 [Docket No. 199] and defendant's Combined Motion to Dismiss with Prejudice for the Incurable Prejudice Suffered from Being Denied any Adequate Resources to Defend and Assert a Brady and Due-Process Violation Therefrom [Docket No. 205]. In light of defendant's pro se status, the Court will construe defendant's motions liberally, but will not advocate for him. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**I. MOTION TO COMPLETE THE RECORD**

Defendant requests the Court accept as filed certain materials that he claims support a finding of prejudice in relation to his argument that his constitutional right to a speedy trial was violated. Docket No. 199 at 2. To the extent these documents bear any relation to defendant's speedy trial arguments, the Court has already ruled on

those issues and denied reconsideration of those issues. Docket Nos. 60, 112.[1] Thus, the documents' submission is untimely. Nonetheless, the Court will grant defendant's motion and allow the documents attached to the motion to be included in the record.

## II. COMBINED MOTION TO DISMISS

Defendant makes two arguments in his combined motion: (1) that he has been denied the right to present a complete defense because of his limited access to the law library and his discovery materials, Docket No. 205 at 2, and (2) that a spreadsheet attached to the government's restitution motion was not disclosed in discovery in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Docket No. 205 at 3.

### A. Law Library Access

Defendant has twice moved for an order mandating unrestricted access to the law library where he is housed. Docket Nos. 156, 188. On September 14, 2017, after defendant pled guilty to six counts in the superseding indictment, the Court denied the first such motion as moot along with defendant's other pending pretrial motions. Docket No. 176 at 2-3. The Court denied the second such motion on December 4, 2017. Docket No. 192. According to the government, defendant had been confined to the Special Housing Unit, but was nonetheless granted access to the law library December 2 and 3, 2017. *Id*. at 1.

Defendant's motion is dated December 5, 2017. Docket No. 205 at 4. The sentencing hearing took place on December 8, 2017. Docket No. 200. At the hearing, the Court asked defendant if he was prepared to proceed and defendant indicated that

---

[1] The court also addressed reconsideration of this issue at the hearing on September 8, 2017. *See* Docket No. 171 at 2.

he was prepared. Defendant did not indicate that he had filed a third motion regarding his access to legal materials. On December 12, 2017, defendant's motion was received by the clerk's office. Docket No. 205 at 1.

Defendant argues that he is being denied a "meaningful opportunity to present a complete defense" due to his inability to access the law library and the denial of some of his advisory counsel's requests to visit defendant. Docket No. 205 at 2 (citing *Crane v. Kentucky*, 476 U.S. 683 (1986)). Defendant claims that he "has been circumvented [sic] from being able to review his Discovery and had no access to a law library." *Id*.

While prisoners "have a right to adequate, effective and meaningful access to the courts, access to a law library is only one of many constitutionally acceptable methods used to assure meaningful access to the courts." *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999) (citing *Love v. Summit County*, 776 F.2d 908, 912-13 (10th Cir. 1985)*; see also Milton v. Morris*, 767 F.2d 1443, 1448 (9th Cir. 1985). "It is well established that provision of legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library." *United States v. Cooper*, 375 F.3d 1041, 1051-52 (10th Cir. 2004) (citing *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996)); *see also id*. at 1051 ("[Prisoners] must be provided with 'adequate law libraries or adequate assistance from persons trained in the law.'" (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). "When a prisoner voluntarily, knowingly and intelligently waives his right to counsel in a criminal proceeding, he is not entitled to access to a law library or other legal materials." *Id*. at 1052 (citing *Taylor*, 183 F.3d at 1205). In *Taylor,* the Tenth Circuit held that denying a prisoner proceeding pro se access to a law library and

3

legal materials did not violate the prisoner's right to meaningful access to the courts because the prisoner was provided with standby counsel to assist his self-representation. *Taylor*, 183 F.3d at 1204.

The Court appointed advisory counsel for defendant, and he admits that he was able to meet with his advisory counsel prior to filing his combined motion, which was also prior to sentencing. Docket No. 205 at 2. Additionally, the only prejudice that defendant specifically identifies is that he was unable to receive certain phone records so that he could file them as part of a second motion to complete the record in relation to his speedy trial prejudice claims. *Id.*[2] However, defendant successfully submitted the phone records and related exhibits at the sentencing hearing. Docket No. 200 at 1; Docket Nos. 201, 202. Hence, defendant was not prejudiced by his inability to file a written motion. Moreover, defendant admitted at his sentencing hearing that he was prepared to proceed and did not make any motions or indicate that he sought to file any motions. Accordingly, the Court finds that defendant has not shown that his constitutional rights were violated by the claimed limitations on his access to the law library.

---

[2] This was also the only prejudice that defendant identified in his second motion in relation to law library access. *See* Docket No. 188 at 2 ("This limitation is preventing me from completing the record with documents in support of prejudice on my speedy trial claim."). Defendant also states that he did not have a chance to "research and draft motions," but he does not identify any motions he would have filed. Docket No. 205 at 2. Notably, defendant filed objections to the presentence report evincing legal research. Docket No. 185.

### B. Disclosure of Spreadsheet

Plaintiff claims that the government's failure to disclose a spreadsheet listing transactions, Docket No. 184-2, that was part of the government's investigation was a *Brady* violation. Docket No. 205 at 3. The spreadsheet, as explained by Postal Inspector Eric Manuel at the sentencing hearing, lists a number of fraudulent transactions reported by various companies. Defendant argues that the spreadsheet is exculpatory because it includes transactions that occurred while he was imprisoned and, therefore, supports his clam that a "majority" of the listed transactions were carried out by others. *Id*. at 3. Defendant does not claim, however, that any of the charges to which he pled guilty are based on fraudulent transactions that occurred while he was imprisoned. Inspector Manuel testified that he used various evidence, such as surveillance video and Mr. Medina's term of imprisonment, to identify fraudulent transactions carried out by Mr. Medina, which were then compiled in a separate document.

"Proving a Brady claim requires the defendant to show by a preponderance of the evidence (1) that the government suppressed evidence, (2) that the evidence was favorable to the defendant, and (3) that the evidence was material." *United States v. Wells*, 873 F.3d 1241, 1259 (10th Cir. 2017) (citing *United States v. Reese*, 745 F.3d 1075, 1083 (10th Cir. 2014)). "Materiality requires 'a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed.'" *Id*. (quoting *Reese*, 745 F.3d at 1083). Defendant makes only a conclusory claim that the spreadsheet is material. Docket No. 205 at 3. Even if the spreadsheet showed that

5

most of the fraudulent transactions were carried out by others, there is no suggestion – even from defendant – that the spreadsheet could be used as evidence he did not commit the crimes to which he pled guilty. Additionally, because the guideline range of defendant's sentence was unaffected by the amount of loss, proving that he was not responsible for fraudulent transactions other than those he pled guilty to committing would not have affected defendant's sentence. Accordingly, the Court finds that defendant has not shown that the spreadsheet was material.

The Court will deny defendant's combined motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's Motion to Complete the Record Part 1 of 2 [Docket No. 199] is **GRANTED**. It is further

**ORDERED** that defendant's Combined Motion to Dismiss with Prejudice for the Incurable Prejudice Suffered from Being Denied any Adequate Resources to Defend and Assert a Brady and Due-Process Violation Therefrom [Docket No. 205] is **DENIED**.

DATED December 15, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge