IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00396-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DELANO MARCO MEDINA,

    Defendant.
_____

# ORDER
_____

This matter comes before the Court on defendant's Motion to Complete the Record Part Two of Two [Docket No. 208]. In light of defendant's pro se status, the Court construes his motion liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Defendant requests that the Court accept as filed certain materials that he claims support a finding of prejudice in relation to his argument that his constitutional right to a speedy trial was violated. Docket No. 208 at 1. The documents that defendant seeks to add to the record are an affidavit he prepared and two filings from a habeas corpus proceeding that defendant filed to collaterally attack this Court's ruling on his speedy trial motion. Docket No. 208 at 2-25; *see also Medina v. Choate*, 875 F.3d 1025 (10th Cir. 2017).

To the extent these documents bear any relation to defendant's speedy trial arguments, the Court has already ruled on those issues and denied their

reconsideration.  Docket Nos. 60, 112.[1]  Defendant's affidavit consists of various arguments as to why he was prejudiced by the delay in bringing him to trial in federal court.  Docket No. 208 at 2-3.  Defendant also makes various factual claims that could have been presented in his speedy trial motion, at the hearing on the speedy trial motion (where he was given the opportunity to address the Court directly), and in his motion for reconsideration.  *Id*.; *see also* Docket No. 112 at 11-13.  Defendant's attempt to submit an affidavit comes far too late.  Additionally, defendant's filings from his habeas proceeding have no evidentiary value and no proper place in the record of this case.  Docket No. 208 at 4-25.  To the extent that defendant seeks to rely on his habeas filings to show that he made certain arguments in those proceedings, as he claims is his purpose, Docket No. 208 at 2, it seems he could refer to the record of those proceedings on appeal.

A notice of appeal has been filed in this case.  Docket No. 211.  Nonetheless, pursuant to Fed. R. Civ. P. 62.1(a)(2), the Court may deny pending motions for relief.  The Court will deny defendant's motion.  Accordingly, it is

**ORDERED** that, pursuant to Fed. R. Civ. P. 62.1(a)(2), defendant's Motion to Complete the Record Part Two of Two [Docket No. 208] is **DENIED**.

---

[1] The court also addressed reconsideration of this issue at the hearing on September 8, 2017.  *See* Docket No. 171 at 2.

DATED December 20, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge