IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01976-PAB
Criminal Case No. 14-cr-00396-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DELANO MARCO MEDINA,

    Defendant.
_____

# ORDER
_____

This matter is before the Court on Mr. Medina's Motion to Waive Copy Fee [Docket No. 240], Motion for Leave to Provide Discovery and Appointment of Counsel [Docket No. 244], Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action Requesting Transcripts [Docket No. 245], and Motion for Appointment of Counsel [Docket No. 246].

**I. BACKGROUND**

On December 8, 2017, Mr. Medina was sentenced to 153 months in prison after pleading guilty to charges of mail theft, bank fraud, identity theft, and possession of a firearm by a felon. *See* Docket No. 209 at 2; *see also* Docket No. 11; Docket No. 176 at 2. The Tenth Circuit affirmed Mr. Medina's conviction on direct appeal. Docket No. 237-1. On July 8, 2019, Mr. Medina filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket No. 242. Mr. Medina's § 2255 motion raises several grounds for relief, including violation of his speedy trial rights under the Sixth

Amendment, *id.* at 3, denial of his right to effective assistance of counsel under the Fifth and Sixth Amendments, *id.* at 19, denial of his right to self-representation, *id.* at 25, violation of his due process rights, *id.* at 26, and violation of the government's disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 27. At issue in this order are several motions filed in connection with Mr. Medina's § 2255 motion. Those motions seek free copies of certain documents and transcripts pursuant to 28 U.S.C. § 753(f), Docket No. 240 at 1; Docket No. 245 at 1; leave to conduct post-conviction discovery, Docket No. 244 at 2-3; leave to proceed without prepayment of fees under 28 U.S.C. § 1915, Docket No. 245; and appointment of counsel. Docket No. 244 at 1, 3; Docket No. 246. The Court construes Mr. Medina's filings liberally because he is not represented by an attorney. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. ANALYSIS

### A. Discovery

Mr. Medina seeks leave to conduct discovery in connection with his § 2255 motion. *See* Docket No. 244 at 1-3. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a petitioner must show good cause for seeking discovery and "provide reasons for the request." *See* Rules Governing § 2255 Proceedings, Rule 6(a)-(b).

"Good cause is established where specific allegations before the Court show reason to believe that the petitioner may, if the facts are fully developed, be able to

2

demonstrate that he is entitled to relief." *Wallace v. Ward*, 191 F.3d 1235, 1245 (10th Cir. 1999) (internal quotation marks and ellipsis omitted) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)). A petitioner's "speculation over exculpatory material is unlikely" to satisfy this standard. *United States v. Kieffer*, No. 18-cv-02771-CMA, 2019 WL 1058206, at * 1 (D. Colo. Mar. 6, 2019) (quoting *Strickler v. Greene*, 527 U.S. 263, 286 (1999)). Moreover, "Rule 6 does not license a petitioner to engage in a fishing expedition by seeking documents merely to determine whether the requested items contain any grounds that might support his petition." *Id.* (internal quotation marks omitted).

Here, Mr. Medina has not shown good cause for the requested discovery. In his motion, Mr. Medina asserts that "discovery is needed for adequate presentation of any and all claims which were wrongfully avoided in the proceedings as a result of [ineffective assistance of counsel]." Docket No. 244 at 3, ¶ 5. He further states that counsel's failure to "review discovery" and the government's *Brady* violations make "one consider what else might have been left out of discovery in order to hamper the defense" and thus discovery is warranted to "develop and present meritorious claims that were wrongfully circumvented." *Id.* at 3, ¶ 8. Critically, however, Mr. Medina does not specify the type of discovery he is seeking, *see* Rules Governing § 2255 Proceedings, Rule 6(b) (stating that any request for discovery "must also include any proposed interrogatories and requests for admission, and must specify any requested documents"), or explain how such discovery would substantiate the claims asserted in his § 2255 motion. As a result, the Court will deny his request. *See Kieffer*, 2019 WL

3

1058206, at *1 (denying habeas petitioner's request for discovery where he did "not suggest the existence of any evidence that ha[d] not been produced or which could advance his section 2255 claims"); *United States v. Lewis*, No. 11-cv-01537-REB, 2015 WL 12857312, at *10 (D. Colo. Aug. 3, 2015) (denying habeas petitioner's non-specific request for facts "that were not adequately developed or handled in prior proceeding and or available to [the petitioner]" (internal quotation marks omitted)).

### B. Leave to Proceed In Forma Pauperis and Request for Records

Mr. Medina moves for leave to proceed without prepayment of fees under 28 U.S.C. § 1915. *See* Docket No. 245 at 1. He also seeks, pursuant to 28 U.S.C. § 753(f), free copies of the docket sheet, an unspecified "exhibit," and transcripts from the April 27, 2017 hearing on Mr. Medina's motion for alternate counsel. Docket No. 240 at 1; Docket No. 245 at 1.[1]

Mr. Medina's motions will be granted in part and denied in part. While Mr. Medina has submitted an affidavit showing that he is entitled to proceed in this Court without prepayment of fees, *see* Docket No. 245; 28 U.S.C. § 1915(a)(1) ("[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."), he has failed to substantiate his request for the "exhibit" and transcripts under 28 U.S.C. § 753(f). Section 753(f) provides, in relevant part, that

---

[1]Although Mr. Medina does not cite 28 U.S.C. § 753(f), the Court construes his filings liberally because he is not represented by counsel. *See Hall*, 935 F.2d at 1110.

4

> [f]ees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). Mr. Medina has made no showing that the referenced "exhibit," Docket No. 240 at 1, or the transcripts of the April 27, 2017 hearing are "needed to decide the issue[s]" presented in his § 2255 motion. Accordingly, this aspect of his motions will be denied. *See United States v. Birch*, No. 09-cr-00053-CMA, 2019 WL 2341560, at *1 (D. Colo. June 3, 2019) (denying request for transcripts where defendant had made no showing that there was "a particularized need for the transcript" to decide his forthcoming § 2255 motion); *see also Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993) (requiring an indigent defendant to make a "particularized" showing that a "transcript is needed to decide the issue presented by the suit"). The Court will, however, send a copy of the docket sheet to Mr. Medina along with this order. *See United States v. Vega*, 2009 WL 1422995, at *2 (D. Kan. May 19, 2009) (denying request for transcripts and other pleadings, but ordering that a copy of the docket sheet be sent to the defendant).

### C. Appointment of Counsel

Mr. Medina requests the appointment of counsel for purposes of his § 2255 motion. *See* Docket No. 244 at 3-4; Docket No. 246 at 3. "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008); *see also United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).

5

However, there is a right to counsel for a habeas motion pursuant to 28 U.S.C. § 2255 when the district court determines that an evidentiary hearing is required. *Bucci v. United States*, 662 F.3d 18, 34 (1st Cir. 2011) (collecting cases). In particular, Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 6(a) similarly provides that, "[i]f necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Regardless, the district court has discretion to "appoint counsel in a habeas case when 'the interests of justice so require.'" *Washington v. United States*, 221 F.3d 1354, 2000 WL 985885, at *1 (10th Cir. July 18, 2000) (unpublished table decision) (quoting 18 U.S.C. § 3006A(2)(B)); *see also Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).

The Court has not made a determination that an evidentiary hearing is warranted in this action. Nor has the Court authorized any discovery with respect to the issues raised in Mr. Medina's § 2255 motion. Therefore, Mr. Medina is not entitled to the appointment of counsel and the Court exercises its discretion in considering the motion.

The Court does not find that appointment of counsel is necessary or in the interests of justice at this time. Although Mr. Medina states that an attorney would be better able to present his claims, Docket No. 246 at 3, Mr. Medina has already filed a § 2255 motion cogently setting forth his claims for relief and supporting arguments.

*See* Docket No. 242.  Should the Court later determine that an evidentiary hearing is necessary, that discovery is warranted, or that the interests of justice require the appointment of counsel, the Court will revisit Mr. Medina's request.  In the meantime, Mr. Medina's request for appointment of counsel will be denied.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Mr. Medina's Motion to Waive Copy Fee [Docket No. 240] is **GRANTED** in part and **DENIED** in part as stated in this order.  It is further

**ORDERED** that Mr. Medina's Motion for Leave to Provide Discovery and Appointment of Counsel [Docket No. 244] is **DENIED**.  It is further

**ORDERED** that Mr. Medina's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action Requesting Transcripts [Docket No. 245] is **GRANTED** in part and **DENIED** in part as stated in this order.  It is further

**ORDERED** that Mr. Medina may proceed in this action without prepayment of fees pursuant to 28 U.S.C. § 1915.  It is further

**ORDERED** that Mr. Medina's Motion for Appointment of Counsel [Docket No. 246] is **DENIED**.

DATED July 30, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge