IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00396-PAB
Civil Case No. 19-cv-01976-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

DELANO MARCO MEDINA,

     Defendant.
_____

# ORDER
_____

     Movant, Delano Marco Medina, has filed a pro se Motion to Vacate, Set Aside or

Correct Sentence Pursuant to Title 28 U.S.C. § 2255 [Docket No. 242].  The United

States filed a response.  Docket No. 249.  The Court construes Mr. Medina's filings

liberally because he is not represented by counsel.  *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However,

the Court will not act as a pro se litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For

the reasons discussed below, the § 2255 motion will be denied.

## I.  PROCEDURAL HISTORY

     On October 7, 2014, Mr. Medina was indicted on one count of being a felon in

possession of a firearm.  *See* Docket No. 1.  On June 9, 2015, a superseding

indictment was filed, charging Mr. Medina with numerous offenses, including bank fraud

and aggravated identity theft.  *See* Docket No. 13.  He also faced numerous state

charges in three different states.  *See United States v. Medina*, 918 F.3d 774, 778 (10th

Cir. 2019). Because of Mr. Medina's various state charges and frequent transfers between state jails, writs of habeas corpus to bring Mr. Medina into federal custody were unsuccessful. *See id.* at 778-79 (noting that Mr. Medina was transferred 46 times). As a result, his first appearance in federal court did not occur until January 2017. *See id.*

Mr. Medina, pro se, asserted that his right to a speedy trial had been violated by the delay between his federal indictment and appearance in federal court. *See* Docket Nos. 42, 43. After those pro se motions were stricken because he was represented by counsel, *see* Docket No. 44, Mr. Medina's counsel submitted another motion arguing that Mr. Medina's speedy trial rights had been violated. *See* Docket No. 55. On April 7, 2017, the Court held a hearing on the speedy trial motion. *See Medina*, 918 F.3d at 784. The Court concluded that, on balance, the *Barker v. Wingo*, 407 U.S. 514 (1972), factors weighed in favor of finding that no speedy trial violation had occurred. *See Medina*, 918 F.3d at 785-86. Specifically, the Court concluded that the length of the delay, the reason for the delay, and the assertion of Mr. Medina's speedy trial rights weighed in favor of Mr. Medina. *See id.* However, the Court found that Mr. Medina suffered no prejudice because he failed to show that the information and evidence he alleged was lost due to the delay was unavailable. *See id.*

After the Court denied Mr. Medina's speedy trial motion, he filed motions to appoint substitute counsel. *See* Docket Nos. 61, 68. At a hearing, the Court denied such motions. *See* Docket No. 232 at 3. However, the Court asked Mr. Medina whether he wanted to proceed pro se; Mr. Medina stated that he did. *See id.* The Court then had a colloquy with Mr. Medina about self-representation, determined that

he waived his right to counsel knowingly and voluntarily, permitted him to proceed pro se, and appointed standby counsel.  *See id.* at 14.

Approximately five months later, Mr. Medina pled guilty to two counts of being a felon in possession of a firearm, one count of mail theft, one count of bank fraud, and two counts of aggravated identity theft.  *See* Docket No. 177.  In his plea agreement, Mr. Medina waived his right to appeal or assert a collateral attack on his sentence, except that he reserved the right to appeal the speedy trial issue.  *See id.* at 3.  The Court accepted Mr. Medina's plea agreement, Docket No. 234 at 37, and sentenced Mr. Medina to 153 months imprisonment.  *See* Docket No. 209.

Mr. Medina appealed the Court's decision on the speedy trial issue to the Tenth Circuit.  *See United States v. Medina*, 918 F.3d 774 (10th Cir. 2019).  Mr. Medina argued that, while the Court properly concluded that the first three *Barker* factors weighed in his favor, it incorrectly determined that he did not suffer any prejudice from the delay.  *See id.* at 788.  The Tenth Circuit disagreed, holding that, in totality, the *Barker* factors weighed against finding that Mr. Medina suffered any speedy trial violation for the delay between his indictment and federal appearance.  *See id.* at 793. Specifically, the panel concluded that the reason for the delay weighed in favor of the government.  *See id.* at 788-89.  The Tenth Circuit also found that Mr. Medina failed to show any prejudice from the delay because (1) "Mr. Medina did not invoke the Speedy Trial Act deadline upon his arrival in federal court [but,] instead, [] moved to add 180 days to the Speedy Trial Act period" and (2) made no showing that the evidence he alleged would prove his case was actually unavailable.  *See id.* at 791-93.

3

Mr. Medina now files a motion under 28 U.S.C. § 2255 collaterally attacking his sentence.  *See* Docket No. 242.  He brings five claims: (1) his right to a speedy trial was violated; (2) he was denied effective assistance of counsel; (3) his Sixth Amendment right to self-representation was violated; (4) his right to due process under the Fifth and Fourteenth Amendments was violated; and (5) the government violated *Brady v. Maryland*, 373 U.S. 83 (1963).  *See* Docket No. 242 at 3, 19, 25-27.

## II.  ANALYSIS

### A.  <u>Waiver</u>

The Court finds that Mr. Medina has waived the right to assert three of his claims.  As relevant here, Mr. Medina's plea agreement states:

> The defendant [] knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255).  This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) The defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

Docket No. 177 at 3.  A plea agreement waiver, however, does not end the inquiry.  A court must determine "(1) whether the disputed [claim] falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  *See United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (citing *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004)).  The Court addresses each factor in turn.

### 1. Scope of Waiver

The Court finds that plaintiff's first, third, and fourth claims are within the scope of the plea waiver.  Through his plea agreement, Mr. Medina waived his right to file a collateral attack, including a § 2255 motion, except as to explicitly retroactive changes in the sentencing guidelines or sentencing statute, ineffective assistance of counsel, and prosecutorial misconduct.  *See* Docket No. 177 at 3.  Thus, unless a claim falls within these three exceptions, Mr. Medina has waived any and all rights to a collateral attack.  Mr. Medina's first claim, that his right to a speedy trial was violated,[1] does not bear on sentencing guidelines, assistance of counsel, or prosecutorial misconduct.  The same goes for his third claim, that his right to self representation was violated, and fourth, that his due process rights were violated because his speedy trial argument was not properly addressed.  Docket No. 242 at 26-27.  As a result, because Mr. Medina's first, third, and fourth claims do not have any connection to the sentencing guidelines, ineffective assistance of counsel, or prosecutorial misconduct, he waived any right to assert them.  However, Mr. Medina's second (ineffective assistance of counsel) and fifth (violation of *Brady*)[2] claims fall under the exceptions to his waiver.

---

[1] Although Mr. Medina specifically reserved the right to appeal his speedy trial claim, he waived the right to collaterally attack any such claim.

[2] A *Brady* claim is characterized as a "prosecutorial misconduct claim," and, as a result, would not be covered by Mr. Medina's waiver.  *Cf. Banks v. Dretke*, 540 U.S. 688, 691 (2004); *see also Douglas v. Workman*, 560 F.3d 1156, 1190-92 (10th Cir. 2009) (collecting cases and explaining the ways in which a *Brady* claim can be classified as a prosecutorial misconduct claim).

### 2. Knowing and Voluntary Waiver

The Court finds that Mr. Medina's waiver with respect to claims one, three, and four was knowing and voluntary. While only waivers that are knowing and voluntary will be enforced, it is the defendant who has the burden of demonstrating that the waiver was not knowing and voluntary. *See United States v. Tanner*, 721 F.3d 1231, 1233 (10th Cir. 2013) (citations omitted). A court looks to two factors in particular: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and (2) "whether there was an adequate Federal Rule of Criminal Procedure colloquy." *See id.* (citing *Hahn*, 359 F.3d 1315). "A properly conducted plea colloquy, particularly one containing express findings, will, in most cases, be conclusive on the waiver issue, in spite of a defendant's post hoc assertions to the contrary." *Id.*; *see also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Mr. Medina's plea agreement specifically states that he "knowingly and voluntarily waives the right to challenge this prosecution, conviction or sentence in any collateral attack (including but not limited to, a motion under 28 U.S.C. § 2255)," other than the three exceptions already discussed. *See* Docket No. 177 at 3. As a result, the first factor, the language of the plea agreement, weighs in favor of finding that Mr. Medina knowingly and voluntarily waived his right to collaterally attack his sentence.

Additionally, at Mr. Medina's change of plea hearing, the Court confirmed that Mr. Medina's pleas of guilty were knowing and voluntary.  First, the Court determined that Mr. Medina was alert, sober, and competent, asking him whether "[a]nything about the way that you feel today, whether physically or emotionally, that would cause you not to be able to understand what we are doing today in court?," to which Mr. Medina responded "no."  *See* Docket No. 234 at 3-7.  Second, the Court determined that Mr. Medina read his plea agreement and was able to ask his advisory counsel any questions about his plea agreement.  *See id.* at 8.  He stated that advisory counsel answered his questions regarding the plea agreement to his satisfaction.  *See id.*  After doing this, Mr. Medina affirmed that he signed his plea agreement voluntarily.  *See id.* at 9.  He also confirmed that no one forced or threatened him to plead guilty.  *See id.* at 25.

In regards to the appellate waiver at issue here, the Court read the waiver language to Mr. Medina and asked him whether he understood those waivers, to which Mr. Medina responded, "[y]es, I do."  *See id.* at 14-15.  Considered as a whole, the record demonstrates that the Court had a detailed colloquy with Mr. Medina about his plea agreement and his waiver of appellate rights and that such waivers were made knowingly and voluntarily.

Mr. Medina argues that "[t]he plea does not waive relief for deprivations of rights affecting the validity of the plea itself, including the denial or ineffectiveness of counsel or other violations of due process during the plea process."  *See* Docket No. 250 at 2. He further suggests that the government "lied to the court on appeal about various issues in their Answer Brief to create a false narrative," which rendered the plea

7

"coerced, unknowing, and involuntary." *See* Docket No. 242 at 27.  However, Mr. Medina provides no evidence that his waiver was unknowing and involuntary, and it is his burden to prove that it was.  *See Tanner*, 721 F.3d at 1233.  Mr. Medina's post-hoc, conclusory assertions are insufficient to demonstrate that his waiver was unknowing and involuntary.  *See id.*; *see also Blackledge*, 431 U.S. at 73-74.  Moreover, the government's alleged actions on appeal say nothing regarding Mr. Medina's waiver of his right to collaterally attack his sentence and conviction that occurred long before appeal.  Given the specific language in the plea agreement and the extensive colloquy at Mr. Medina's change of plea hearing, the Court finds that his waiver as to claims one, three, and four was knowing and voluntary.

### 3.  Miscarriage of Justice

The third factor for a court to consider in enforcing a waiver in a plea agreement is whether the waiver will result in a miscarriage of justice.  *See Viera*, 674 F.3d at 1217.  The four circumstances where enforcement of the waiver results in a miscarriage of justice occur "when (1) the district court relied on an impermissible factor such as race, (2) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful." *See United States v. Phillips*, 831 F. App'x 921, 922 (10th Cir. 2020) (unpublished) (quotations omitted) (citing *Hahn*, 359 F.3d at 1327).  The defendant bears the burden to demonstrate that the waiver results in a miscarriage of justice.  *See id.* (citing *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004)).

Here, Mr. Medina makes no argument that any of the four circumstances are applicable, and the Court finds that they are not.  There is no evidence that the Court relied on an impermissible factor in sentencing, that there was ineffective assistance of counsel in negotiating the waiver, that Mr. Medina's sentence exceeds the statutory maximum, or that the waiver is otherwise unlawful.  While Mr. Medina does argue that he received ineffective assistance of counsel, that argument relates specifically to his speedy trial claims, when he was represented by counsel.  *See* Docket No. 242 at 19-27.  He makes no such claim in regards to the plea agreement or the waivers contained in the plea agreement, at which time he represented himself.  In fact, even in regard to his advisory attorney, the Court asked Mr. Medina at the change of plea hearing whether his questions regarding the plea agreement were answered satisfactorily by his advisory counsel, to which Mr. Medina replied yes.  Docket No. 234 at 8.  Thus, the Court finds that enforcing the waivers will not result in a miscarriage of justice and, as a result, Mr. Medina waived his right to seek collateral review as to his first, third, and fourth claims.

### B.  Fifth Claim

The Court finds that Mr. Medina waived his fifth claim for a *Brady* violation because the alleged misconduct by the government arose before the entry of the guilty plea, Mr. Medina was aware of the alleged misconduct before his guilty plea, and his guilty plea was entered into knowingly and voluntarily.

Although claims that "do not contradict the terms of the indictment or the written plea agreement," such as a claim that the statute of conviction is unconstitutional, may be brought after a valid plea agreement, not all claims can.  *See Class v. United States*,

9

138 S. Ct. 798, 803-805 (2018).  For example, "case-related constitutional defects that occurred prior to the entry of the guilty plea" may not be attacked so long as the guilty plea was knowing and voluntary.  *See id.* at 804-05 (quotations and citations omitted). As a result, "[a] valid guilty plea also renders irrelevant–and thereby prevents the defendant from appealing–the constitutionality of case-related government conduct that takes place before the plea is entered."  *See id.* at 805.   As it relates to a *Brady* violation, a guilty plea will not serve to waive a *Brady* claim if it "render[s] a defendant's plea involuntary."  *See United States v. Dahl*, 597 F. App'x 489, 490 (10th Cir. 2015) (unpublished) (citing *United States v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994)).  A plea will only be involuntary if the evidence that was not provided was both "favorable to the defendant as exculpatory evidence . . . [and] material to the defendant's guilt or punishment."  *See id.* at 491 (citing *United States v. Walters*, 269 F.3d 1207, 1214 (10th Cir. 2001)).  "In the context of an attack on the validity of a plea, evidence is considered material where there is a reasonable probability that but for the failure to produce such information the defendant would not have entered the plea but instead would have insisted on going to trial."  *Walters*, 269 F.3d at 1214 (quotations omitted).

Here, even if the allegedly withheld evidence is both favorable to Mr. Medina and exculpatory, Mr. Medina has failed to show a reasonable probability that, but for the government's failure to produce evidence, he would have insisted on going to trial.  *See Dahl*, 597 F. App'x at 491 ("Dahl points to no objective evidence that, had he obtained this evidence, he would have foregone the plea and gone to trial.").  To the contrary, the evidence in the record demonstrates that Mr. Medina believed the government had

withheld exculpatory evidence before his guilty plea and before sentencing, and chose to enter a guilty plea regardless.

First, Mr. Medina claims that the government provided him a USB-drive with "no data" on it, rendering discovery incomplete until "August of 2017." *See* Docket No. 242 at 27-28.  However, Mr. Medina raised the same issue regarding the USB-drive's functionality before pleading guilty.  *See* Docket Nos. 91, 135.  Given that Mr. Medina was aware of the issues with the USB-drive – and that he admits he was able to retrieve the documents from the USB-drive prior to pleading guilty, *see* Docket No. 242 at 27 – Mr. Medina has failed to offer any argument or evidence that the information on the USB-drive would have changed his decision on whether to plead guilty.

Second, Mr. Medina argues that the government disclosed exculpatory information to him for the first time at sentencing.  *See id.* at 28.  However, the information provided at the sentencing hearing was evidence previously provided to Mr. Medina in discovery.  *See* Docket No. 249 at 18-19; Docket No. 184 at 2.  The document disclosed at sentencing was merely a summary of the transactions already disclosed to Mr. Medina.  *See id.*  Moreover, Mr. Medina referenced and utilized the summary at sentencing and did not file a contemporaneous objection to it.  *See, e.g.* Docket No. 235 at 57-58.  Nevertheless, Mr. Medina argues that the government's check transaction summary demonstrates that Mr. Medina "could not have possibly committed at least half the alleged crimes." *See* Docket No. 242 at 28.  Mr. Medina appears to be arguing that the transaction summary shows that checks were cashed while he was in jail and, because he was in jail, he could not have completed the check transactions.  *See id.*  But Mr. Medina does not argue that he was not aware of the

dates he was in jail or the charges that the government brought against him such that the evidence that he was in jail was not previously available to him.  Given that this evidence was available to him before entry of his guilty plea, he cannot now argue that he would have gone to trial had the summary been provided earlier.

Because there is no evidence that the allegedly withheld documents were material to Mr. Medina's decision to enter a guilty plea, the Court finds that Mr. Medina waived any right to assert a *Brady* claim.

### C.  Ineffective Assistance of Counsel

Mr. Medina's second claim is one for ineffective assistance of counsel based on his counsel's actions at his speedy trial hearing.  *See id.* at 19.  The Court finds that Mr. Medina has failed to demonstrate that his attorney's representation was ineffective.

As a general matter, to establish ineffective assistance of counsel, Mr. Medina must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that his counsel's deficient performance resulted in prejudice to his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.  There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance."  *Id.*  Mr. Medina bears the burden of overcoming this presumption by showing that the alleged errors were not sound strategy under the circumstances.  *See id.*  "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong."  *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

Under the prejudice prong, Mr. Medina must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *see also Harrington v. Richter*, 562 U.S. 86, 112 (2011) (stating that "[t]he likelihood of a different result must be substantial, not just conceivable"). In order for a defendant to make an ineffective assistance claim, he must identify the specific "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

The Court finds that Mr. Medina has failed to meet his burden of showing that the outcome of his speedy trial claim would have been different had (1) counsel argued the "failure to serve a detainer form . . . or object when the government submitted a faulty detainer form," (2) counsel called Mr. Medina's "four other witnesses" or (3) Mr. Medina testified at the speedy trial hearing. *See* Docket No. 242 at 20-26.

As to Mr. Medina's first argument, when considering the *Barker* factors at the hearing, the only factor that the Court found did not weigh in Mr. Medina's favor was the fourth, whether he suffered prejudice as a result of the delay. *See Medina*, 918 F.3d at 785-86. The Court concluded that the length of the delay, the reason for the delay, and the assertion of Mr. Medina's speedy trial rights weighed in favor of Mr. Medina. *See id.* But Mr. Medina's argument regarding the failure to serve the detainer form and the faulty detainer go to the reason and length the delay, which the Court already

concluded weighed in Mr. Medina's favor.[3]  Any argument regarding the detainer does not have a reasonable probability to change the outcome when the factors it bears on were already found to be in Mr. Medina's favor.

As to Mr. Medina's second and third arguments, they do not succeed because Mr. Medina fails to explain how the witnesses not called, including himself, would have demonstrated that the evidence he sought from his cell phone was not available from other sources.  Mr. Medina fails to explain how he or his witnesses would have proved that "location information retained by third parties – for example, his email records or debit card transactions – cannot be obtained."  *See Medina*, 918 F.3d at 791; *see also id.* n. 14 ("He has not adduced evidence of failed attempts to retrieve his banking information, email records, hotel reservations, or other sources of data stored by third parties.").  While Mr. Medina argues that these witnesses would show how the cell phone and location data are irretrievable, as the Tenth Circuit found on appeal, the issue is not whether the cell phone data was irretrievable, a point which Mr. Medina demonstrated, but whether the information was unavailable from other sources.  *See id.* at 790-91.  Even if Mr. Medina and his witnesses testified that the cell phone data was irretrievable, there is no "reasonable probability . . . [that] the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694, because such testimony does not relate to the ability of Mr. Medina to get that information from other sources.

Mr. Medina also argues that his counsel's "failure to know the law" created a conflict of interest.  Docket No. 242 at 25.  It appears that Mr. Medina is arguing that,

---

[3] The record also demonstrates that Mr. Medina's counsel did raise the issue of notice and faulty detainer.  *See* Docket No. 55 at 3, 9; Docket No. 229 at 51.

because his counsel allegedly did not know the law, he was not adequately represented at the speedy trial hearing.  Although Mr. Medina argues that his counsel made errors as to the detainer form, witnesses, and Mr. Medina's own testimony, as discussed above, he does not outline the legal errors that demonstrate his counsel did not "know the law."  *See id.*  But Mr. Medina must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  Without identifying the errors, he cannot meet his burden of showing that the proceeding would be different.  Nevertheless, counsel's briefing and argument demonstrate that he was competent.  *See* Docket No. 55; Docket No. 229 at 30-50.  Moreover, Mr. Medina appealed his speedy trial claim and the Tenth Circuit affirmed.  It is unclear how there can be a reasonable probability of a different outcome as to the speedy trial claim when Mr. Medina had the opportunity to appeal it.

Finally, Mr. Medina argues that he was forced to choose between representing himself and proceeding with inadequate counsel.  *See* Docket No. 242 at 24.  Although a defendant has a Sixth Amendment right to waive counsel and represent himself, the waiver must be "an intentional relinquishment or abandonment of a known right or privilege."  *See United States v. Williamson*, 859 F.3d 843, 861-62 (10th Cir. 2017) (citing *States v. McConnel*, 749 F.2d 1441, 1450-51 (10th Cir. 1984)).  "Whether a defendant's waiver of counsel is voluntary 'turns on whether defendant's objections to present counsel are such that he has a right to new counsel.'"  *Id.* (quoting *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir. 1987)).  A defendant must "demonstrate[] good cause warranting the appointment of new counsel [for] the defendant's decision to waive counsel [to] be considered voluntary."  *Id.* (citing *United*

15

*States v. Taylor*, 183 F.3d 1199, 1203 (10th Cir. 1999)).  Other than the three specific issues already addressed, Mr. Medina has offered no evidence to demonstrate that there was good cause to warrant the appointment of new counsel.  The Court rejected Mr. Medina's arguments regarding counsel's performance at a hearing on Mr. Medina's motion to substitute, *see* Docket No. 230, and Mr. Medina offers no new arguments or examples of ineffectiveness now to demonstrate that his waiver was not knowing and voluntary.

### C.  Remaining Motions

Mr. Medina has filed numerous motions involving the same claims and conduct at issue in his § 2255 motion.  *See* Docket No. 251 (motion for evidentiary hearing); Docket No. 252 (motion for supplemental authority); Docket No. 253 (motion for an investigator); Docket No. 254 (motion for stay); Docket No. 255 (motion for judgment on the pleadings); Docket No. 256 (motion for summary judgment); Docket No. 261 (motion for reconsideration); Docket No. 263 (motion to amend detainer); Docket No. 265 (motion to issue subpoenas); Docket No. 266 (motion for final determination); Docket No. 275 (motion to compel judgment).

First, as to Mr. Medina's request for an evidentiary hearing, Docket Nos. 251, 270, the Court finds that "the motion and the files and records of the case conclusively show that [Mr. Medina] is entitled to no relief."  *See* 28 U.S.C. § 2255(b).  Mr. Medina is only entitled to an evidentiary hearing if there are disputed facts.  *See United States v. Gallegos*, 459 F. App'x 714, 716-17 (10th Cir. 2012) (unpublished).  Here, Mr. Medina's § 2255 motion is denied on legal grounds, without respect to any allegedly disputed factual issue.  The only claim which Mr. Medina claims he is entitled to an evidentiary

hearing on is his ineffective assistance of counsel claim.  *See* Docket No. 251 at 7.  He
argues that his cell phone records would prove his location.  *See id.* at 7-8, ¶¶ 16-17.
However, as noted above, the issue is not whether the information on his cell phone
was irretrievable and whether that information would have been beneficial to Mr.
Medina, but whether that information is irretrievable from other sources.  While Mr.
Medina now argues that Facebook, Instagram, and Google information is irretrievable,
*see id.* at 1-3, ¶¶ 2-3, 6, he again fails to explain why only that information could
demonstrate his location, versus debit card transactions or hotel reservations, as the
Tenth Circuit noted.  *See Medina*, 918 F.3d at 790-91.  As a result, the Court concludes
that an evidentiary hearing is unnecessary because the record conclusively establishes
that Mr. Medina is not entitled to relief.

Second, as to Mr. Medina's two motions for an investigator, Docket Nos. 253,
269, the Court denies them for the same reasons.  Even if Mr. Medina finds an
investigator who can confirm that the cell phone data would provide helpful alibi
information, he does not explain why that information is not available from other
sources.

Third, regarding Mr. Medina's request to file an interlocutory appeal to the Tenth
Circuit, *see* Docket No. 254, Mr. Medina fails to explain what order of the Court he
wishes to appeal.  Rather, he appears to seek reconsideration from the Tenth Circuit.
*See id.* at 1-2.  Given that Mr. Medina already appealed the Court's decision, *see
United States v. Medina*, 914 F.3d 774 (10th Cir. 2019), it is unclear how the Court
could provide Mr. Medina the opportunity to appeal it yet again.

17

Fourth, Mr. Medina's two motions pursuant to Federal Rule of Civil Procedure 12(c), Docket Nos. 255, 278, are procedurally improper.  Moreover, it is yet another attempt to argue the claims in his § 2255 motion.  As a result, those motions are denied for the same reasons as his § 2255 motion.

Fifth, Mr. Medina's motion for summary judgment, Docket No. 256, is another attempt to argue his § 2255 motion.  It is denied for the same reasons as his § 2255 motion.

Sixth, Mr. Medina's two requests that the Court order the government to provide additional briefing on the prejudice resulting from his lost phone and the alleged failure to provide a detainer are denied.  *See* Docket Nos. 258, 271.  First, the Court concludes that the government has sufficiently addressed these issues.  Second, and more importantly, for the reasons discussed in analyzing his § 2255 motion, neither of those issues would have any effect on the outcome of his speedy trial claim.  As a result, the request is denied.

Seventh, Mr. Medina submits a motion to reconsider, Docket No. 261, the Court's order providing him with the docket sheet and various writs of habeas corpus that were issued while Mr. Medina was in state custody.  *See* Docket No. 260.  In that motion, Mr. Medina claims that he was never served a detainer and it caused him prejudice.  *See* Docket No. 261 at 3-4.  As analyzed in regards to his § 2255 motion, the delay and reason for the delay as to Mr. Medina's speedy trial claim weigh in his favor.  Thus, the motion is denied.

Eighth, Mr. Medina seeks "partial summary judgment on the detainer claim" and an evidentiary hearing for that claim.  Docket No. 263 at 4.  For the reasons discussed

in the § 2255 motion, the date on which Mr. Medina was provided the detainer and whether it was faulty are irrelevant to the ultimate issue.  As a result, the motion is denied.

Ninth, Mr. Medina's request to serve subpoenas for an evidentiary hearing, *see* Docket No. 265, is denied, as an evidentiary hearing is unnecessary.

Tenth, Mr. Medina's third motion for summary judgment, Docket No. 266, regarding the cell phone data is denied for the same reasons his § 2255 is denied on that issue.

Eleventh, Mr. Medina's request for appointment of counsel for an evidentiary hearing and to seek expert testimony, Docket No. 273, is denied because an evidentiary hearing and expert testimony is unnecessary for the reasons already discussed.

Twelfth, Mr. Medina's request for another copy of the docket sheet, *see* Docket No. 274, is granted.

Thirteenth, Mr. Medina has filed a motion to amend his § 2255 motion.  *See* Docket No. 278.  "Pursuant to the provisions of Fed. R. Civ. P. 15(a)(2), a movant may file an amended § 2255 motion at any time during post-conviction proceedings with leave of court."  *United States v. Roe*, 913 F.3d 1285, 1296 (10th Cir. 2019).  However, an amendment only relates back to the original pleading when "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  Without a claim relating back, a motion under § 2255 must be brought within a year from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).

19

For untimely § 2255 amendments, those made outside of the one year window, a claim will only relate back if, "by way of additional facts, [the amendment] clarifies or amplifies a claim or theory in the original motion."  *Roe*, 913 F.3d at 1296 (quoting *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000)).  However, if the "proposed amendment . . . seek[s] to add a new claim or to insert a new theory into the case," it does not relate back to the original motion.  *Id.* (quoting *Espinoza-Saenz*, 235 F.3d at 505).  "[T]he operative question" for relation-back "is whether 'the original and amended [motions] state claims that are tied to a common core of operative facts.'"  *Id.* at 1298 (quoting *United States v. Trent*, 884 F.3d 985, 992-93 (10th Cir. 2018)).  "The answer to that question will often turn on whether the newly asserted claim would have had to be pleaded as a discrete claim under Section 2255 Rule 2(b) if it was set out in the original § 2255 motion."  *Id.*

The Supreme Court denied Mr. Medina's petition for writ of certiorari on June 10, 2019.  *See Medina v. United States*, 139 S. Ct. 2706 (2019).  As a result, his conviction became final on that date.  *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000).  To fall within the one year window, any § 2255 motion or amendment must have been filed by June 9, 2020.  Mr. Medina's § 2255 motion was timely filed on July 8, 2019.  *See* Docket No. 242.  However, his motion to amend was filed outside of the one year window, on June 8, 2021.  *See* Docket No. 278.  Thus, to relate back to his original § 2255 motion, the amendment must not "add a new claim or [] insert a new theory into the case."  *Roe*, 913 F.3d at 1296 (quoting *Espinoza-Saenz*, 235 F.3d at 505).

Mr. Medina's motion to amend seeks to amend his § 2255 motion in two ways:

first, to remove all of his current claims except for his claim for ineffective assistance of counsel and, second, to add a new theory that he is actually innocent.  As to the second, this amendment would be a new theory that is entirely separate from his current claims and Mr. Medina would have been required to plead this theory separate from his current claims.  *See Roe*, 913 F.3d at 1298.  The facts necessary to prove he is innocent are different from any of the facts in his current claims, which look to the actions of counsel, government misconduct, and speedy trial issues.  *See id.* at 1299.  Accordingly, the second claim does not relate back to Mr. Medina's other claims.

As to Mr. Medina's request to remove all but his ineffective assistance of counsel claim, the Court denies the motion.  A district court has discretion to permit an untimely amendment, *see Espinoza-Saenz*, 235 F.3d at 505, and while the Court appreciates Mr. Medina's desire to simplify the issues, doing so is unnecessary.

## III.  CONCLUSION

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution."  *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  In the present case, the Court concludes that Mr. Medina has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court will deny a certificate of appealability.

21

Wherefore, it is

**ORDERED** that Mr. Medina's Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 [Docket No. 242] is **DENIED**.  It is further

**ORDERED** that Mr. Medina's Motion for Evidentiary Hearing [Docket No. 251] is **DENIED**.  It is further

**ORDERED** that Mr. Medina's Motion for Leave to Provide an Investigator [Docket No. 253] is **DENIED**.  It is further

**ORDERED** that Mr. Medina's Motion for Stay [Docket No. 254] is **DENIED**.  It is further

**ORDERED** that Mr. Medina's Motion Pursuant to Fed. R. Civ. P. 12(c) [Docket No. 255] is **DENIED**.  It is further

**ORDERED** that Mr. Medina's Motion for Summary Judgment [Docket No. 256] is **DENIED**.  It is further

**ORDERED** that Mr. Medina's Motion for Answer and Reply [Docket No. 258] is **DENIED**.  It is further

**ORDERED** that Mr. Medina's Motion for Reconsideration [Docket No. 261] is **DENIED**.  It is further

**ORDERED** that Mr. Medina's Motion to Amend and Correct the Detainer Claim [Docket No. 263] is **DENIED**.  It is further

**ORDERED** that Mr. Medina's Motion to Issue or Reserve the Power to Issue Subpoenas [Docket No. 265] is **DENIED**.  It is further

**ORDERED** that Mr. Medina's Motion for Proposed Final Determination by the Court [Docket No. 266] is **DENIED**.  It is further

**ORDERED** that Mr. Medina's Motion for Order to Provide Appointment of Expert Witness [Docket No. 269] is **DENIED**.  It is further

**ORDERED** that Mr. Medina's Motion Requesting Leave for Expansion of the Record [Docket No. 270] is **DENIED**.  It is further

**ORDERED** that Mr. Medina's Motion Requesting an Order to Dismiss in Part and For Answer [Docket No. 271] is **DENIED**.  It is further

**ORDERED** that Mr. Medina's Motion for Order to Provide Appointment of Counsel [Docket No. 273] is **DENIED**.  It is further

**ORDERED** that the portion of Docket No. 274 requesting a copy of the docket sheet is **GRANTED**.  The Clerk of Court shall mail Mr. Medina an updated copy of the docket sheet.  It is further

**ORDERED** that Mr. Medina's Motion to Compel Judgment [Docket No. 275] is **DENIED**.  It is further

**ORDERED** that Mr. Medina's Motion to Amend [Docket No. 278] is **DENIED**.  It is further

**ORDERED** that any other relief that may be contained in any of the motions considered is **DENIED**.  It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED**.

DATED August 10, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge