IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00396-PAB
Civil Case No. 19-cv-01976-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DELANO MARCO MEDINA,

    Defendant.

_____

**ORDER**
_____

Defendant, Delano Marco Medina, has filed a pro se "Motion for Relief from Final Judgment in §2255 Proceeding Pursuant to Fed. R. Civ. P. Rule 60(b)(4) and (6)" [Docket No. 289]. Instead of a response opposing Mr. Medina's motion, the United States filed a Motion to Dismiss Rule 60(b) Motion as a Second or Successive § 2255 Motion [Docket No. 291]. The Court construes Mr. Medina's filings liberally because he is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as a pro se litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Mr. Medina's motion will be dismissed for lack of jurisdiction.

**I. PROCEDURAL HISTORY**

The procedural history of Mr. Medina's case is set forth in detail in the Court's order on Mr. Medina's § 2255 motion, Docket No. 283, and will only be repeated here to the extent it is necessary to resolve the motion. On July 8, 2019, Mr. Medina filed a

Motion to Vacate Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Docket No. 242.  Mr. Medina raised several claims in his motion, including a claim of ineffective counsel, based in part on counsel's failure to present evidence that Mr. Medina's speedy trial rights had been violated.  *Id.* at 21-22.  Mr. Medina also separately claimed a violation of his speedy trial rights.  *Id.* at 3.  Both of his claims are predicated on the loss of Mr. Medina's cell phone, which allegedly contained information on Mr. Medina's location at the time of crimes, which Mr. Medina believes was relevant to an alibi defense.  *See* Docket No. 289 at 6-7.  The Court denied his motion on August 10, 2021.  Docket No. 283.  The present motion asserts that the Court did not properly address his ineffective assistance of counsel claim or his speedy trial claim.  Docket No. 289 at 8-9.  The United States asserts that Mr. Medina's motion is actually a second habeas petition that the Court does not have jurisdiction to consider.  Docket No. 291 at 2.

## II.  LEGAL STANDARD

The Supreme Court has ruled a Rule 60(b) motion may be a second or successive § 2255 motion if it attacks a federal court's denial of habeas relief on the merits.  *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).  A motion is a proper Rule 60(b) motion if, instead of questioning the merits of a previous order, it "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, . . . or []challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition."  *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (*citing Gonzalez*, 545 U.S. at 532 n.4).   After

a court determines a motion is a proper Rule 60(b) motion, it can rule on the merits. *Id.* If, however, the court determines the motion is a second or successive habeas motion, the court must either dismiss the motion without prejudice or transfer the motion to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The court may not rule on a successive § 2255 claim unless authorized by the Tenth Circuit. *See id*. at 1252.

### III. ANALYSIS

Mr. Medina argues that, because his habeas claims were not resolved on the merits, his motion is not a second or successive habeas petition and instead is a Rule 60(b) motion. Docket No. 293 at 2. Mr. Medina maintains that his motion is "attacking the integrity of the federal habeas proceeding" and that, when a court "fail[s] to consider a claim . . . and the movant actually raised that claim," the motion is proper. *Id.;* Docket No. 289 at 4. Mr. Medina states that the Court did not "acknowledge and address" his argument that evidence contained on his cell phone was unavailable from other sources. Docket No. 289 at 2. Specifically, Mr. Medina claims the Court did not consider affidavits from witnesses who could testify in support of his claim that the location evidence on his phone is not available to him through other sources. *Id.* at 7. Mr. Medina believes that this argument was critical to proving prejudice, a necessary element to his speedy trial claim. *Id.* at 9. He also claims this evidence is critical to his ineffective assistance of counsel claim because counsel failed to call the witnesses from whom Mr. Medina later obtained affidavits. *Id.* at 6. Mr. Medina argues that the Court's failure to address his affidavits prevented a ruling on the merits of his claims. Docket No. 293 at 2.

The government responds that the Court did, in fact, consider Mr. Medina's argument about the unavailability of the cell phone evidence from another source and that Mr. Medina's argument should therefore be treated as an attack on the merits of this Court's ruling. Docket No. 291 at 2. The Court agrees with the government.

Mr. Medina's claims were previously decided on the merits. In the order denying Mr. Medina's § 2255 motion, the Court ruled that Mr. Medina's motion "fails to explain how the witnesses not called, including himself, would have demonstrated that the evidence he sought from his cell phone was not available from other sources." Docket No. 283 at 14. The Court noted that Mr. Medina failed to demonstrate that he could not obtain his debit card transactions, email records, or hotel reservations from third parties. *Id.* (citing *United States v. Medina*, 918 F.3d 774, 791 n.14 (10th Cir. 2019)). The Court's ruling found that the evidence Mr. Medina proffered failed to support his argument. As a result the order did not fail to address Mr. Medina's habeas claims, nor did it fail to address the evidence Mr. Medina claims has been overlooked.

Mr. Medina relies on three affidavits that he claims the Court did not acknowledge, asserting that the evidence shows the location data on the cell phone is "irretrievable". *See* Docket No. 289 at 11. He claims the affidavits show that data on the phone would show "the cell phone use[r]'s location." *Id.* at 7. This is the same information the Court ruled was insufficient to prove unavailability of evidence of Mr. Medina's location from other sources. The affidavits Mr. Medina cites do not provide evidence of unsuccessful attempts to obtain information from third parties. *See* Docket No. 242 at 46-48. An affidavit from Mr. Medina's mother states that Mr. Medina's cell phone provider cannot trace his lost cell phone. *Id.* at 46. An affidavit from Mr.

Medina's former wife states that text messages that Mr. Medina sent to her cannot be retrieved because she got a new phone and there was a factory data reset. *Id.* at 47. An affidavit from his grandmother discusses her unsuccessful efforts to locate a witness. *Id.* at 48. None of the affidavits explain why Mr. Medina cannot obtain debit card transaction history, hotel reservations, or email records from third parties to provide evidence of Mr. Medina's location.

The Court previously addressed Mr. Medina's claims on their merits. Docket No. 283 at 14. The order addressed the argument and specific evidence Mr. Medina raises in the present motion. *Id.* Because Mr. Medina's motion is an attack on the Court's finding that he has not demonstrated that the evidence on his phone is unavailable through other sources, the Court finds that Mr. Medina's motion is a second or successive petition and will dismiss it for lack of jurisdiction.[1] It is therefore

**ORDERED** that defendant's Motion for Relief from Final Judgment in §2255 Proceeding pursuant to Fed. R. Civ. P. Rule 60(b)(4) and (6) [Docket No. 289] is **DISMISSED** without prejudice. It is further

**ORDERED** that the United States' Motion to Dismiss Rule 60(b) Motion as a Second or Successive § 2255 Motion [Docket No. 291] is **GRANTED**. It is further

---

[1] The Court could transfer Mr. Medina's petition pursuant to 28 U.S.C. § 1631 to allow the Tenth Circuit to evaluate whether a certificate of appealability is warranted. *In re Cline*, 531 F.3d at 1251. However, because Mr. Medina has already filed a motion for a certificate of appealability in the Tenth Circuit, *see* Docket No. 290, the Court will decline to transfer the motion.

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED**.

DATED February 11, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge