IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00396-PAB
Civil Case No. 19-cv-01976-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DELANO MARCO MEDINA,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on Mr. Medina's "Motion to Alter or Amend Judgement pursuant to 59(e)" [Docket No. 298]. Mr. Medina requests that the court amend its February 11, 2022 order to find that Mr. Medina was prejudiced by his counsel at trial and that his speedy trial rights were violated. Docket No. 298 at 3; *see* Docekt No. 296.

**I. PROCEDURAL HISTORY**

The procedural history of Mr. Medina's case is set forth in detail in the Court's order on Mr. Medina's § 2255 motion, Docket No. 283, and will only be repeated here to the extent it is necessary to resolve the motion. On November 29, 2021, Mr. Medina filed a motion for relief from judgment in his habeas proceeding. Docket No. 289. Although Mr. Medina styled his motion as a motion pursuant to Fed. R. Civ. P. 60(b), the Court ruled that Mr. Medina's motion was actually a second or successive habeas petition and denied it for a lack of jurisdiction. Docket No. 296 at 5. Final judgment was

entered in Mr. Medina's case on February 14, 2022.  Docket No. 297.  Mr. Medina mailed the present motion on February 17, 2022, and it was docketed on February 22, 2022.  Docket No. 298 at 4.

## II. LEGAL STANDARD

Motions for reconsideration of a final judgment that are filed within 28 days of the entry of judgment are properly considered under Fed. R. Civ. P. 59(e).  *See Kirby v. Resmae Mortg. Corp.*, 626 F. App'x 746, 748 (10th Cir. 2015) (unpublished).  Here, Mr. Medina filed the present motion within 28 days of the docketing of the final judgment.

Under Rule 59(e), appropriate grounds to grant a motion to reconsider include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion," *id.*, but dismissal of a case based on a lack of jurisdiction is an appropriate subject of a Rule 59(e) motion.  *See Devon Energy Prod'n Co., L.P. v. Mosaic Potash Carlsbad Inc.*, 693 F.3d 1195, 1198 (10th Cir. 2012).

## III. ANALYSIS

Mr. Medina requests that the Court amend its February 11, 2022 order dismissing his Rule 60(b) petition to find that he "was prejudice[d] by counsel's failure to interview and call as witnesses Lucinda Valdez and Eleazar Medina".  Docket No. 298 at 3.  The Court, however, dismissed Mr. Medina's motion on jurisdictional grounds and not on the merits.  *See id.* at 1-3.  The Court will therefore analyze Mr. Medina's motion

as challenging the Court's ruling that it did not have jurisdiction to consider his motion. Mr. Medina argues that when the Court incorrectly stated that he obtained affidavits later than his April 7, 2017 hearing and when the Court left "unanswered and unresolved" whether he provided evidence that the location data he could not retrieve was not available from other sources it caused "clear error" and "manifest injustice" *Id.* at 1-2. Mr. Medina misapprehends the nature of the Court's order. The Court ruled that it did not have jurisdiction to rule on Mr. Medina's November 29, 2021 motion because it was "an attack on the Court's finding that he has not demonstrated that the evidence on his phone is unavailable through other sources." Docket No. 296 at 5. The Court did not rule on the unavailability of Mr. Medina's location data or the merits of his Rule 60(b) motion. *Id.*

Neither of the errors that Mr. Medina alleges in his present motion relate to the Court's ruling that a determination had already been made on Mr. Medina's claim about unavailable evidence. Mr. Medina's first assertion, that the Court incorrectly listed the date he obtained affidavits, Docket No. 298 at 1, has no bearing on the Court's jurisdiction. Mr. Medina's second argument, that the Court overlooked two affidavits, those of Lucinda Valdez and Eleazer Medina, *id.* at 2, ignores the fact that the Court previously ruled that those exhibits would not be included in the record of his habeas claim. *See* Docket No. 283 at 16-17, 23.

Mr. Medina's motion is an attempt to relitigate the Court's ruling that the issue of Mr. Medina's location data has already been decided. It is therefore not properly raised in a Rule 59(e) motion. *See Devon Energy*, 693 F.3d at 1212. Rule 59(e) motions

3

using "supporting facts which were available at the time of the original motion" are "inappropriate vehicles" to reargue an issue.  *Servants of Paraclete*, 204 F.3d at 1012. It is therefore

    **ORDERED** that Mr. Medina's Motion to Alter or Amend Judgement pursuant to 59(e) [Docket No. 298] is **DENIED**.

    DATED March 1, 2022.

                                  BY THE COURT:

                                  PHILIP A. BRIMMER
                                  Chief United States District Judge